IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER LEE NEAL,**

    **Petitioner,**

**v.**                                       **Case No. 1:06CV69**

**JOYCE FRANCIS,**

    **Respondent.**

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is United States Magistrate Judge James E. Seibert's Report and Recommendation ("R&R") recommending the denial and dismissal with prejudice of Petitioner Christopher Lee Neal's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and Neal's objections to that R&R. For the reasons set forth below, the Court **AFFIRMS** the magistrate judge's R&R and **DISMISSES WITH PREJUDICE** Neal's petition. Additionally, the Court **DENIES** and **DISMISSES WITH PREJUDICE** Neal's Motion for Appointment of Counsel and **DENIES AS MOOT** Neal's Motion for Expedited Review.

### I. Background

On October 25, 1995, Neal was sentenced to a total of 360 months of imprisonment following his conviction in the United States District Court for the Middle District of North Carolina for conspiring to distribute cocaine base, distributing cocaine base,

employing a minor to distribute cocaine base, and carrying and using firearms during a drug trafficking crime.

Neal appealed his conviction to the Fourth Circuit Court of Appeals, arguing that there was insufficient evidence to convict him on three of the counts, that various testimony against him should have been excluded, and that the district court erred in calculating his base offense level. The Fourth Circuit rejected his arguments, and the United States Supreme Court declined certiorari. U.S. v. Cargill, 17 Fed. Appx. 214, 236-238 (4th 2001), cert. denied, 534 U.S. 1171 (2002).

Subsequently, Neal began a long series of collateral attacks on his conviction. On February 6, 2003, and February 18, 2003, the United States District Court for the Middle District of North Carolina dismissed without prejudice two motions by Neal brought pursuant to 28 U.S.C. § 2255 for failure to file on the correct forms. On March 18, 2003, the same court denied Neal's motion to dismiss his indictment on the grounds of prosecutorial misconduct, and the following day, denied another of Neal's § 2255 motions.

Thereafter, Neal's motion for sentence reduction brought on June 27, 2003, was denied by the district court, as was Neal's

### ORDER AFFIRMING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

December 3, 2003 motion for mistrial. Likewise, Neal's February 6, 2004 motion to dismiss the indictment was denied, as was his May 19, 2004 motion for sentence modification.

Between August 25, 2004 and May 15, 2006, Neal filed an additional seven § 2255 motions, six of which were denied or dismissed,[1] several because Neal failed to obtain Fourth Circuit authorization to file successive applications pursuant to § 2255, an authorization which the Fourth Circuit denied Neal on February 6, 2006.

Pursuant to 28 U.S.C. § 2241, Neal filed his petition for writ of habeas corpus with this Court on May 9, 2006. In it he argues that the trial court erroneously instructed the jury on the "use" prong of 18 U.S.C. § 924(c)(1); that his double jeopardy rights were violated; that his indictment was constructively amended; and, that he received ineffective assistance of counsel. On June 30, 2006, Neal filed a motion to appoint counsel.

Pursuant to 28 U.S.C. § 636(b)(1) and standing order, Neal's petition was referred to Magistrate Judge Seibert. On July 10, 2006, the magistrate judge directed Respondent Joyce Francis,

---

[1] A § 2255 motion filed by Neal on March 14, 2006, may still be pending in the United States District Court for the Middle District of North Carolina.

## ORDER AFFIRMING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Warden of the Federal Correctional Institution at Gilmer, West Virginia – the correctional facility in which Neal is presently incarcerated – to show cause why a writ of habeas corpus should not be granted. Warden Francis responded on August 9, 2006, and Neal filed a traverse on August 14, 2006.

## II. **The Magistrate Judge's R&R**

On September 18, 2006, Magistrate Judge Seibert issued his R&R, finding that the grounds raised in Neal's motion were not proper for a § 2241 motion, but rather for a § 2255 motion, because any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). The Magistrate Judge noted that, while case law authorizes challenges to sentences under § 2241, such challenges can only be brought if 1) the petitioner's conviction was legal under settled law, 2) that law changed subsequent to petitioner's direct appeal and initial § 2255 motion,

and 3) the petitioner could not file under § 2255.  Finding that these conditions were not met because the crimes for which Neal was convicted remain crimes, the magistrate judge found that Neal's § 2241 motion was brought on improper grounds and recommended that it be denied.  Magistrate Judge Seibert also recommended that Neal's motion to appoint counsel be denied, because the appointment of counsel is discretionary in post-conviction proceedings, and that the facts of Neal's petition do not warrant appointment.

### III.  Neal's Objections to the Magistrate's Report and Recommendation

On August 22, 2006, Neal filed his objections to the magistrate judge's R&R, largely reiterating the substance of his petition.  Neal's only discernable specific objection to the R&R is that "[t]he Magistrate Judge's Order that Mr. Neal [sic] acts continue to be crimes as established by Title 18 U.S.C. 924 (c)(1) is clearly erroneous and contrary to law."

Further, while Neal admits that the Magistrate Judge's R&R concerning the discretionary nature of the appointment of counsel in post-conviction proceedings is correct, he asks this Court to appoint him counsel "in the event of an appeal."[2]

---

[2] On January 29, 2007, Neal filed a motion with this Court for expedited consideration.

### IV. Standard of Review

The Court will review de novo any portions of the Magistrate Judge's R&R to which a specific objection is made, Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983), and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. Id.

### V. Analysis

**a. Neal's § 2241 petition.**

Although Neal's petition for a writ of habeas corpus is brought pursuant to § 2241, his petition is solely a challenge to his conviction. He alleges various errors of law committed by the district court, and does not challenge the conditions of his confinement. Accordingly, Neal must generally bring such a petition under § 2255, not § 2241. Petersen v. Winkler, 167 Fed.Appx. 344, 344 (4th Cir. 2006)("A federal prisoner seeking to challenge the legality of his conviction or sentence must proceed pursuant to § 2255, with § 2241 petitions generally reserved for challenges to the execution of the prisoner's sentence.") (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir.1997)).

6

**ORDER AFFIRMING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

In some instances, however, a petitioner may bring a § 2241 petition challenging his conviction if a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The Fourth Circuit Court of Appeals has held that a § 2241 motion of this sort can be brought when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Importantly, a petitioner may not bring a § 2241 motion in lieu of a § 2255 motion when he is unable to obtain relief under § 2255, id. at 333, or

---

[3] The gatekeeping provision of 28 U.S.C. § 2255 states that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

because he was procedurally barred from bringing a § 2255 motion. In re Vial, 115 F.3d at 1194, n. 5.

As the Magistrate Judge correctly noted, Neal fails the second requirement set forth in Jones because the crimes for which he was convicted – multiple subsections of 21 U.S.C §§ 841, 861 and 18 U.S.C § 924(c)(1) – remained crimes following his direct appeal and first § 2255 motion and remained so at the time of filling his § 2241 petition.[4]  Accordingly, § 2255 is not an inadequate or

---

[4] The timing of Neal's 18 U.S.C. § 924(c)(1) conviction warrants a brief comparison with the facts of Jones.  In Jones, the Fourth Circuit allowed Jones's § 2241 challenge to his conviction when, after Jones had been sentenced for violation of § 924(c)(1), the Supreme Court overruled Fourth Circuit law concerning the meaning of "use" in that statute.  In Bailey v. United States, 516 U.S. 137 (1995), the Supreme Court held that "use" means the active employment of a firearm, in contrast to previous Fourth Circuit cases holding that "use" means only that the firearm was "present for protection and to facilitate the likelihood of success, whether or not it was actually used." Jones, 226 F.3d at 330 (citations omitted).  Therefore, the Fourth Circuit held that, because Jones's § 924(c)(1) conviction was based on guns found in a locked closet, he was "incarcerated for conduct that is not criminal." Id. at 334.

In this case, Neal was convicted on May 10, 1995, approximately seven months before Bailey was decided. However, as the Jones court held, in order to successfully bring a § 2241 petition in lieu of a § 2255 petition, the law must have changed "subsequent to the prisoner's direct appeal and first § 2255 motion . . . ." Jones, 226 F.3d at 334.  Here, Neal's direct appeal was not completed until the Supreme Court denied certiorari on February 25, 2002 and his first § 2255 motion was brought on February 6, 2003.  Therefore, regardless of the substance Neal's arguments challenging his § 924(c)(1) conviction, the change in law following Bailey happened well before the date on which Neal could have properly brought a § 2241 petition under Jones.

ineffective avenue for Neal to pursue collateral relief and his claims are improper under § 2241.

**b. Neal's Motion for Appointed Counsel**

As the magistrate judge correctly stated in his R&R, appointment of counsel in post-conviction proceedings is discretionary with the Court. Pennsylvania v. Finley, 481 U.S. 551 (1987). The Court may appoint counsel if the "interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). Here, the interests of justice do not require appointment of counsel because Neal's § 2241 claims are without merit. See U.S. v. Preston, 209 F.3d 783, 785 (5th Cir. 2000) (denying counsel under § 3006A for appeal of § 2255 dismissal because claims were without merit); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (decision of appointment of counsel under § 3006A depends on "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved"); Harris v. U.S., 2005 WL 2233546, *2 (W.D.Va. 2005) ("Clearly, the interests of justice do not require appointment of counsel [under § 3006A] in an untimely filed habeas case."). Moreover, Neal's long history of pro se appellate and

collateral litigation suggests that he is able to pursue his causes through the court system without assistance of counsel.

## VI.  Conclusion

For the foregoing reasons, the Court **AFFIRMS** Magistrate Judge Seibert's Report and Recommendation (Doc. No. 12), **DISMISSES WITH PREJUDICE** Neal's 28 U.S.C. § 2241 Petition (Doc. No. 1), **DENIES** and **DISMISSES WITH PREJUDICE** Neal's Motion for Appointment of Counsel (Doc. No. 4), and **DENIES AS MOOT** Neal's Motion for Expedited Consideration (Doc. No. 14).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and all appropriate agencies, and to mail a copy of this Order to the petitioner.

Dated:  May 3, 2007

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
