IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER LEE NEAL,

        Petitioner,

v.                                                 Civil Action No. 1:06CV69
                                                         (JUDGE KEELEY)

JOYCE FRANCIS, WARDEN,

        Respondent.

**REPORT AND RECOMMENDATION THAT PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT BE CONSTRUED AS A PETITION UNDER THE ALL WRITS ACT AS A WRIT OF ERROR CORAM NOBIS AND TRANSFERRED TO THE MIDDLE DISTRICT OF NORTH CAROLINA AND DENYING PETITIONER'S MOTION TO EXPEDITE AS MOOT**

I. Introduction

    A.    Background

Petitioner was convicted in the United States District Court for the Middle District of North Carolina of conspiring to distribute cocaine base, distribution of cocaine base, using a minor to distribute cocaine base and carrying and using firearms during a drug trafficking crime. On October 25, 1995, Petitioner was sentenced to 300 months imprisonment, eight years of supervised release and $150 special assessment on the drug crimes. Petitioner was sentenced to 60 months imprisonment consecutively on the firearms charges, three years supervised release and a $50 special assessment. Petitioner appealed to the Fourth Circuit Court of Appeals which affirmed his conviction (2001 WL 1019312). The United States Supreme Court denied certiorari on February 25, 2002. Neal v. U.S., 534 U.S. 1171 (2002).

Petitioner filed his first motion under 28 U.S.C. § 2255 in the Middle District of North Carolina (1:03CV129) which was dismissed without prejudice sua sponte to Petitioner's right to file the motion on the correct forms. On February 18, 2003, Petitioner again filed a Petition under

28 U.S.C. § 2255 in the Middle District of North Carolina (also 1:03CV129). Again, the Court dismissed the motion <u>sua</u> <u>sponte</u> without prejudice to Petitioner's filing the motion on the correct forms. On March 19, 2003, Petitioner filed his third motion under 28 U.S.C. § 2255 in the Middle District of North Carolina (1:03CV252). The District Court denied the motion February 7, 2005.

On August 25, 2004, Petitioner filed a Motion for Writ of Error Coram Nobis in the Middle District of North Carolina (1:04CV00767), which the District Court construed as a motion under 28 U.S.C. § 2255. The District Court denied the motion and denied a Certificate of Appealability on September 28, 2004.

On October 11, 2005, Petitioner filed a Motion for Relief from Judgment in the Middle District of North Carolina (1:05CV01163) which the District Court construed as a motion under 28 U.S.C. § 2255 and dismissed on March 30, 2006 for failure to obtain a Certificate of Appealability from the Fourth Circuit Court of Appeals.

On October 19, 2005, Petitioner filed a Motion Requesting Relief Under 18 U.S.C. 3582(c)(2) in the Middle District of Carolina (1:05CV01162) which the District Court dismissed for failure to obtain a Certificate of Appealability from the Fourth Circuit Court of Appeals on March 30, 2006.

On January 13, 2006, Petitioner filed a Motion for Authorization to File Successive Applications in the Fourth Circuit Court of Appeals which was denied February 9, 2006.

On March 14, 2006, Petitioner filed a Motion for Sentence Reduction Under Amendment 591 of the Sentencing Guidelines Under 18 U.S.C. 3582(c)(2) in the Middle District of North Carolina.

On May 15, 2006, Petitioner filed a Motion Under 28 U.S.C. § 2255 in the Middle District of North Carolina (1:06CV00445) which was dismissed June 27, 2006.

Petitioner filed his Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in this Court on May 9, 2006, seeking relief from his conviction and sentence in the Middle District of North Carolina alleging: 1) erroneous instructions on the use prong of 924(c)(1); 2) violation of the double jeopardy clause; 3) constructive amendment of the indictment by instructions and 4) ineffective assistance of counsel. On May 3, 2007, the District Court dismissed the § 2241 Petition because 18 U.S.C. § 2255 provided an adequate remedy under the second prong of in re: Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), i.e., subsequent to the prisoner's direct appeal and first § 2255 motion, the conduct of which petitioner was convicted remained a crime at the time of filing his § 2241 motion.

On January 3, 2008, Petitioner filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b) contending that because he received firearms in exchange for drugs the decision of the United States Supreme Court in Watson v. United States, 128 S. Ct. 579 (2007) voids his conviction under 18 U.S.C. 924(c).

B.  The Motions

   1.  Motion for Relief from Judgment.[1]
   2.  Motion to Expedite[2]

---

[1] Doc. No. 28.

[2] Doc. No. 31.

C.   Recommendation

I recommend that Petitioner's Motion for Relief from Judgment be construed as a Petition under All the Writs Act as a Writ of **Error Coram Nobis** and transferred to the Middle District of North Carolina.

D.   Decision

Petitioner's Motion to Expedite is **DENIED AS MOOT**.

## II. Facts

There are no facts in this motion which conclusively establish whether Petitioner received a firearm in exchange for narcotics. Under Watson, that is the crucial question. The only indication in the record is this quotation from the per curiam decision of the Fourth Circuit:

> Christopher Neal also contends there was insufficient evidence to convict him for carrying or using a firearm in relation to a drug trafficking offense under 18 U.S.C. § 924(c). Neal's claim, however, is without merit. Padgett testified that Neal received a gun in exchange for drugs. Section 924(c) proscribes this form of bartering. *See Bailey v. United States,* 516 U.S. 137, 143, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). We therefore affirm Christopher Neal's conviction under § 924(c).

## III. The Motion

A.   Contention of the Parties

Petitioner contends his conviction on the firearms charge in Count IV of the indictment under 18 U.S.C. 924 (c)(1), which added 60 consecutive months to his 300 months sentence on the drug convictions, must be vacated because the decision of the United States Supreme Court in Watson v. United States, 128 S. Ct. 579 (2007) holds that a person who trades drugs for firearms does not use a firearm under 18 U.S.C. 924(c)(1)(A).

4

The Government contends Petitioner **MAY** be correct if, in fact, Petitioner traded drugs for firearms. The Government believes the appropriate forum is the district of conviction and the appropriate petition would be under the All Writs Act.

Petitioner replied that this Court is the appropriate forum and his § 2241 petition the appropriate petition for the relief he seeks.

B. Discussion

The decision in Watson puts many defendants convicted of using a firearm in violation of 18 U.S.C. 924(c)(1)(A) in the same position as many convicted defendants when the Supreme Court decided Bailey v. United States, 316 U.S. 137 (1995). Bailey was a Supreme Court decision vacating a firearms conviction charge. The question became after Bailey, do these defendants have a remedy? If so, what is the remedy and what is the appropriate forum to seek that remedy?

After Bailey the Fourth Circuit Court of Appeals set the following test for whether § 2255 was inadequate and ineffective to test the legality of a conviction:

1. At the time of conviction, the settled law established the legality of the conviction.

2. After the prisoner's direct appeal and first section § 2255 motion the substantive law held the conduct for which the prisoner was convicted was no longer a crime.

3. The prisoner cannot satisfy the "gate-keeping" provisions of § 2255 because the new rule is not one of constitutional law. In Re: Jones, 226 F.3d 328, 333-35 (4th Cir. 2000).

5

At the time of Petitioner's conviction in 1995 and when the conviction became final in 2002, the settled law was that a person who trades drugs for guns was guilty of 18 U.S.C. 924(c)(1)(A). Petitioner's direct appeal was concluded with the denial of a Writ of Certiorari on February 25, 2002. Petitioner's first § 2255 was denied February 27, 2005. The substantive law was changed by <u>Watson</u> on December 10, 2007. <u>Watson</u> did not establish a new rule of constitutional law. Therefore, if in fact, petitioner traded drugs for guns, 18 U.S.C. § 2255 is an inadequate and ineffective remedy for Petitioner. Therefore, Petitioner can file a § 2241.

Is § 2241 the right petition? What is the right forum to decide this matter? Once again, the post <u>Bailey</u> cases are instructive. <u>Conley v. Crabtree</u> 14 F.Supp. 2d 1203, 1306-1207 (D.Or. 1998) and <u>Alamin v. Gerlinski</u>, 30 F. Supp.2d 464 (M.D. Pa. 1998) simply transferred the § 2241's to the district of conviction, notwithstanding that 28 U.S.C. Section 1404(a) limits transfer to a district " . . . where it might have been brought." Of course, § 2241 petitions can only be brought in the district of incarceration. <u>See</u> <u>Lee v. Wetzel</u>, 241 F.3d 370 (5th Cir. 2001) holding a prisoner cannot bring a § 2241 in the district of conviction.

<u>Conley</u> and <u>Alamin</u> logically find that the only place where the courts have sufficient information to resentence is the district of conviction. That is especially true in the case at bar where the entire transcript will show if, in fact, Petitioner traded drugs for guns and <u>not vice versa</u>. It would appear wise to heed the Government's suggestion to avoid the potential problem that the transferee court may hold it has no jurisdiction to consider a § 2241. It would also appear wise not to substitute this Court's judgment in entering a new sentence when all the information about an appropriate sentence for Petitioner is in the Court of conviction.

6

For the foregoing reasons, I conclude the Government is correct that Petitioner's Motion for Relief From Judgment on his § 2241 Petition should be construed as a Writ of <u>Error Coram Nobis</u> under the All Writs Act and transferred to the district of conviction. <u>See In re: Nwanzee</u>, 242 D.3d 521 (3rd Cir. 2001) and <u>Short v. Shultz</u>, 2008 WL 305594 (D.N.J.). <u>See also United States v. Mandel</u>, 862 F.2d 1067, 1076-79 (4th Cir. 1988) holding a Writ of <u>Error Coram Nobis</u> to vacate mail fraud convictions when an intervening Supreme Court decision resulted in a substantive change in federal law.

The Government memorandum in this matter was superb.

C. <u>Recommendation</u>

I recommend that Petitioner's Motion for Relief From Judgment be construed as a Petition Under the All Writs Act as a Writ of <u>Error Coram Nobis</u> and transferred to the Middle District of North Carolina.

D. <u>Decision</u>

Petitioner's Motion to Expedite is **DENIED AS MOOT**.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet In addition, the Clerk of the Court is directed to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 11, 2008

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE